**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      Christine E. Reule v. Sherwood Valley 1 Counsel of Homeowners, Inc., George Henry Ramsey, III, Terry A. Frazee and Daniel Goldberg

Appellate case number:      01-17-00593-CV

Trial court case number:      2016-37895

Trial court:      80th District Court of Harris County

This Court's November 21, 2017 Memorandum Order had, among other things, ordered the court reporter to file the reporter's record of any trial hearings held on March 13, 2017, or April 27, 2017, within 30 days of that Order. On January 10, 2018, because the reporter's record had not been timely filed, this Court ordered Michelle Tucker, the official or substitute reporter for the trial court, to file the reporter's record within 30 days of that order or this Court would issue an order directing the trial court to conduct a hearing to determine the reason for the failure to file the record.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* TEX. R. APP. P. 35.3(c). To date, because neither the reporter's record nor an information sheet stating whether there were any records taken or requesting an extension of time has been timely filed, this Court must abate this case for a show-cause hearing.

Accordingly, we sua sponte **abate** and **remand** this appeal for the trial court to immediately conduct a hearing at which the court reporter, **Michelle Tucker**, or the substitute reporter, appellees' counsel, and the pro se appellant, Christine E. Reule, shall be present. At the hearing, the court shall determine whether the reporter's record of the trial hearing(s) is lost or destroyed and, if so, enter findings of fact and conclusions of law as to whether the record is necessary to the appeal's resolution and, if it cannot be replaced by agreement of the parties, whether appellant is entitled to a new trial. *See* TEX. R. APP. P. 34.6(f)(2)-(4).

If the trial court determines that the reporter's record is not lost or destroyed, it should: (1) determine the reason for the failure to file the record; (2) establish a date certain when the record will be filed, in no event more than **20 days** from the date of the hearing; and (3) make findings of fact and conclusions of law as to whether **Michelle Tucker,** the court reporter, should be held in contempt of court for failing to file the reporter's record timely as ordered.

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court shall have a court reporter record the hearing and file the reporter's record with the Clerk of this Court no later than **30 days** from the date of the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and conclusions, if any, with this Court **within 30 days of the date of the hearing**. If the court reporter files the requested reporter's record or info sheet within 10 days of the date of this Order, this Court may consider withdrawing this Order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record, the reporter's record, and supplemental reporter's record, if any, that comply with this Order, are filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Evelyn V. Keyes

☑ Acting individually ☐ Acting for the Court

Date: March 1, 2018